# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **CENTURY SURETY COMPANY,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**EDUCATION IS THE KEY, LLC, DESSIE X a/k/a DESSIE TIPTON, and FAYE ESCHOE,**<br><br>　　　　**Defendants.** | No. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Century Surety Company, by and through counsel, pursuant to 28 U.S.C. §§ 2201-2202 and Fed. R. Civ. P. 57, and for its Complaint for Declaratory Judgment would state and show this Court as follows:

## PARTIES

1. Century Surety Company ("Century Surety") is a Ohio domiciled corporation, NAIC No. 36951 with its principal place of business located in Westerville, Ohio.

2. Defendant, Education is the Key, LLC ("Education is the Key"), is a Tennessee, director managed limited liability company with its principal place of business in Memphis, Tennessee. The sole member of Education is the Key is Dessie X, a resident and citizen of Tennessee. Education is the Key may be served with process through its registered agent for service of process, Dessie X, at 975 Thomas Street, Memphis Tennessee 38107, alternatively at 7270 Ryan Hill Road, Millington, Tennessee 38053, or otherwise in accordance with the Federal Rules of Civil Procedure.

3. Defendant, Dessie X a/k/a Dessie Tipton, is a resident and citizen of Tennessee. Dessie X may be served with process at 7270 Ryan Hill Road, Millington, Tennessee 38053, in person wherever she may be found, or otherwise in accordance with the Federal Rules of Civil Procedure.

4. Defendant, Faye Eschoe, is a resident and citizen of Tennessee. Faye Eschoe may be served with process at 514 North 2nd Street, Apartment 202, Memphis, Tennessee 38105, in person wherever she may be found, or otherwise in accordance with the Federal Rules of Civil Procedure.

## JURISDICTION & VENUE

5. This Court has original jurisdiction to hear this cause pursuant to 28 U.S.C. § 1332 as it is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. There is complete diversity of citizenship between Century Surety, a citizen of Ohio, and the Defendants, all of which are citizens of Tennessee. The amount in controversy in this declaratory judgment action exceeds the jurisdictional threshold based on the probable costs of defense and indemnification in the underlying litigation, wherein compensatory damages and punitive damages are sought from Defendants in the amount of $15,000,000.00.

6. Century Surety brings this an action for declaratory judgment under 28 U.S.C. §§ 2201–2202, pursuant to which this Court has authority to declare the rights and other legal relations of the parties. There is an actual, justiciable controversy between the parties with respect to whether a policy of insurance issued by Century Surety affords coverage to Defendants for a lawsuit seeking damages for the wrongful death of a child allegedly caused by Defendants' tortious conduct.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391 because the Defendants reside in this District, a substantial part of the events giving rise to this controversy occurred in this District, the underlying litigation is currently pending in a state court located in this District, and the policy of insurance was issued and delivered by Century Surety to its policyholder in this District.

## FACTUAL ALLEGATIONS

### *THE POLICY*

8. Century Surety issued a Commercial Lines Policy to Education is the Key, bearing policy number CCP1011517, with effective dates of November 19, 2021 to November 19, 2022 (hereinafter the "Policy").[1] The Policy was in full force and effect at all times relevant hereto.

9. The Policy is comprised of certain coverage parts including, for purposes of this matter, the Commercial General Liability ("CGL") Coverage Part.

10. The CGL Coverage Part is comprised of applicable Forms and Endorsements which are identified on the Policy's Schedule of Forms and Endorsements.  (See Ex. A at P003–004).

11. The CGL Coverage Form provides, in pertinent part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

---

[1] A copy of the pertinent Policy forms and endorsements are attached hereto as **Exhibit A**, the page numbers of which are labeled P001 to P057.  The exhibited Policy forms and endorsements are incorporated by reference herein pursuant to Fed. R. Civ. P. 10.

3

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

      (1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

      (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

   b. This insurance applies to "bodily injury" and "property damage" only if:

      (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

      (2) The "bodily injury" or "property damage" occurs during the policy period; . . .

   . . .

   e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

2. **Exclusions**

   This insurance does not apply to:
   . . .

   g. **Aircraft, Auto Or Watercraft**

      "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

      This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

This exclusion does not apply to:

**(1)** A watercraft while ashore on premises you own or rent;

**(2)** A watercraft you do not own that is:

    **(a)** Less than 26 feet long; and

    **(b)** Not being used to carry persons or property for a charge;

**(3)** Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by or rented or loaned to you or the insured;

**(4)** Liability assumed under any "insured contract" for the ownership, maintenance or use of aircraft or watercraft; or

**(5)** "Bodily injury" or "property damage" arising out of:

    **(a)** The operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged; or

    **(b)** The operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

. . .

## SECTION II – WHO IS AN INSURED

**1.** If you are designated in the Declarations as:

. . .

    **c.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

. . .

**2.** Each of the following is also an insured:

    **a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

. . .

## SECTION V – DEFINITIONS

. . .

**2.** "Auto" means:

    **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

    **b.** Any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

>   However, "auto" does not include "mobile equipment".
>
> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> . . .
>
> 13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All "bodily injury" or "property damage" arising out of an "occurrence" or series of related "occurrences" is deemed to take place at the time of the first such damage or injury even though the nature and extent of such damage or injury may change; and even though the damage may be continuous, progressive, cumulative, changing or evolving; and even though the "occurrence" causing such "bodily injury" or "property damage" may be continuous or repeated exposure to substantially the same general harmful conditions.[2]
>
> . . .
>
> 18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
>
>     a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or
>
>     b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent. . . .

(Ex. A at P013–028).

12. The coverage provided under Section I, Coverage A of the CGL Coverage Form is modified by way of an endorsement, entitled "Special Exclusions and Limitations Endorsement," which provides, in pertinent part, as follows:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
> **SPECIAL EXCLUSIONS AND LIMITATIONS ENDORSEMENT**
> This endorsement modifies insurance provided under the following:
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **A. In consideration of the premium charged this policy has been issued subject to the following exclusions being added to Coverages A & B:**
> This insurance does not apply to:
>
> . . .
>
> **4. Criminal Acts**

---

[2] This definition of "occurrence" is found in paragraph E.3. of the "Special Exclusions and Limitations Endorsement" CGL 17 01 09 17, (Ex. A at P045–046), which deleted and replaced the definition of "occurrence" in the CGL Coverage Form.

    **a.** "Bodily injury" or "property damage" arising directly or indirectly out of or resulting from a criminal act committed by any insured, including any additional insureds or

    **b.** "Bodily injury" or "property damage" arising directly or indirectly out of or resulting from a criminal act at the direction of any insured, including any additional insureds.

**5. Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees**

Claims or demands for payment of punitive, exemplary or treble damages whether arising from the acts of any insured or by anyone else for whom or which any insured or additional insured is legally liable; including any multiplier of attorney's fees statutorily awarded to the prevailing party.

(Ex. A at P042).

### *THE UNDERLYING LITIGATION*

13. On or about June 22, 2022, a complaint for wrongful death was filed by Edward Ewing, III, as next of kin of C.F., deceased, against Defendants Education is the Key and Dessie X in the Circuit Court of Shelby County, Tennessee, bearing case number CT-2534-22 (hereinafter the "Underlying Litigation").[3]

14. The complaint filed in the Underlying Litigation alleges that, on or about May 19, 2022, Dessie X and Education is the Key negligently allowed C.F. to be left in a day care operated vehicle for several hours which resulted in C.F.'s death. (See Ex. B at ¶¶5–15).

15. Based on these allegations, the complaint filed in the Underlying Litigation seeks a judgment against Education is the Key and Dessie X "for compensatory and punitive damages to be determined by the jury, not to exceed Fifteen Million Dollars ($15,000,000.00)." (Id., p. 3).

---

[3] A copy of the complaint filed in the Underlying Litigation is attached hereto as **Exhibit B**. In accordance with Section 13.4.2(b) of the Court's ECF Policies and Procedures Manual, the name of the deceased minor child is abbreviated herein and redacted from any attachments hereto.

16. Upon information and belief, the "day care operated vehicle" alleged in the Underlying Litigation was at all relevant times owned, maintained, and/or used by Faye Eschoe, an employee of Education is the Key.

17. Upon information and belief, Dessie X and Faye Eschoe have since been indicted on felony criminal charges related to the death of C.F.

18. Century Surety has advised Education is the Key and Dessie X that it does not appear that the Policy affords coverage to them, either through defense or indemnity, for any legal liability, claims, or damages arising out of, resulting from, or related to the incident as alleged in the Underlying Litigation.

19. Notwithstanding, Century Surety is currently providing Education is the Key and Dessie X a defense of the Underlying Litigation under a full reservation of rights.

20. As of the date of filing this Complaint for Declaratory Judgment, Faye Eschoe has not been named as a defendant in the Underlying Litigation.

21. In light of the foregoing, Century Surety has filed this declaratory judgment action asking the Court to declare the rights, obligation, and legal relations of the parties under the Policy. Specifically, Century Surety seeks a judgment from this Court declaring that it has no obligation under the Policy to provide any coverage to Education is the Key, Dessie X, or Faye Eschoe, either through defense or indemnity, with regard to any liability arising out of the incident at issue in the Underlying Litigation, including any claims or damages allegedly resulting from said incident as alleged in the Underlying Litigation.

**CAUSE OF ACTION: DECLARATORY JUDGMENT**

22. Century Surety incorporates by reference the allegations contained in Paragraphs 1 through 21 above as it specifically set forth verbatim herein.

23. Century Surety contends and asserts that it is not obligated under the Policy to defend or indemnify Education is the Key, Dessie X, or Faye Eschoe for any liability arising out of the incident at issue in the Underlying Litigation, including any claims or damages allegedly resulting from said incident as alleged in the Underlying Litigation. Therefore, an actual, justiciable controversy exists relating to the legal rights and duties of the parties named herein.

24. Based on the unambiguous language of the Policy, the allegations in the Underlying Litigation, and the allegations herein, no coverage is afforded to Education is the Key, Dessie X, or Faye Eschoe under the Policy due to the application of the exclusion in Section I, Coverage A, Exclusion 2.g. (hereinafter the "Auto Exclusion"). (Ex. A at P016).

25. Under the Auto Exclusion, there is no coverage for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured. (Id.).

26. The term "auto" as used in the Auto Exclusion, is defined by the Policy, in pertinent part, to mean a land motor vehicle designed for travel on public roads. (Id. at P025).

27. The complaint filed in the Underlying Litigation alleges that C.F. was left in a "day care operated vehicle" for several hours which resulted in C.F.'s death. The alleged day care operated vehicle qualifies as an "auto" as that term is defined by the Policy.

28. Although the complaint filed in the Underlying Litigation asserts various allegations of negligence against Dessie X and Education is the Key, each allegation of negligence is excluded from coverage under the broad language contained in the Auto Exclusion.

29. Specifically, the Auto Exclusion applies to remove coverage "even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the 'occurrence' which caused the 'bodily

9

injury' ... involved the ownership, maintenance, use or entrustment to others of any ... 'auto' ... that is owned or operated by or rented or loaned to any insured." (Ex. A at P016).

30. As a result, Century Surety contends and asserts that the Auto Exclusion applies here to remove all coverage under the Policy for the Underlying Litigation, including any legal liability, claims, or damages arising out of, resulting from, or related to said incident as alleged in the Underlying Litigation.

31. Additionally, insofar as the complaint filed in the Underlying Litigation seeks to recover punitive damages, Century Surety contends and asserts that punitive damages are explicitly excluded from coverage under the Policy due to application of the "Punitive, Exemplary, Treble Damages or Multipliers of Attorneys' Fees" exclusion in paragraph A.5. of the Special Exclusions and Limitations Endorsement. (Id. at P042).

32. Further, insofar as the complaint filed in the Underlying Litigation alleges that the wrongful death of C.F. resulted from certain acts or omissions which may qualify as criminal acts, and in light of the recent indictment of Dessie X and Faye Eschoe on felony criminal charges related to the death of C.F., there is no coverage under the Policy for any injuries or damages resulting from such criminal acts due to application of the "Criminal Acts" exclusion in paragraph A.4. of the Special Exclusions and Limitations Endorsement. (Id.).

33. Pursuant to the above-referenced provisions of the Policy, the facts alleged in the Underlying Litigation, and the facts asserted herein, Century Surety contends and asserts that it is not obligated to provide any coverage under the Policy, either through defense or indemnity, to Education is the Key, Dessie X, or Faye Eschoe for any liability arising out of the incident at issue in the Underlying Litigation, including any claims, injuries, or damages arising out of, resulting from, or related to said incident as alleged in the Underlying Litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Century Surety prays:

1. That process issue and be served upon the Defendants requiring each of them to answer this Complaint for Declaratory Judgment;

2. That this Court advance this cause on the Court's calendar as authorized by Fed. R. Civ. P. 57;

3. For a declaration of the rights, obligations, and legal relations of Century Surety and Defendants by reason of the aforesaid Policy;

4. For a declaration that Century Surety is not obligated to furnish or continue furnishing legal counsel, or otherwise provide a defense to Education is the Key, Dessie X, or Faye Eschoe with regard to any claims, injuries, or damages arising out of the incident as alleged in the Underlying Litigation;

5. For a declaration that Century Surety is not obligated to indemnify Education is the Key, Dessie X, or Faye Eschoe under the Policy for any claims, injuries, or damages arising out of or caused by the incident as alleged in the Underlying Litigation;

6. For a declaration that Century Surety is not obligated to provide any coverage under the Policy, either through defense or indemnity, to Education is the Key, Dessie X, or Faye Eschoe for any liability arising out of the incident at issue in the Underlying Litigation, including any injuries or damages allegedly resulting from said incident as alleged in the Underlying Litigation;

7. For the costs of this cause; and

8. For such other relief to which Century Surety may be entitled under the facts and circumstances of this cause.

Respectfully submitted,

RAINEY, KIZER, REVIERE & BELL, PLC

By: *s/ Brandon W. Reedy*
    BRADFORD D. BOX (BPR No. 16596)
    BRANDON W. REEDY (BPR No. 30314)
    209 East Main Street
    P.O. Box 1147
    Jackson, Tennessee 38302-1147
    (731) 423-2414—phone
    (731) 426-8150—fax
    bbox@raineykizer.com
    breedy@raineykizer.com

    ***Attorneys for Century Surety Company***